OPINION *Page 2 
{¶ 1} Defendant-appellant Jared N. Stone appeals his sentence in the Ashland County Court of Common Pleas on two counts of child endangering. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 13, 2006, Appellant was indicted on three counts of endangering children, two felonies of the second degree and one felony of the fourth degree. The indictment alleged, during the period of September 2, 2005 and January 2, 2006, Appellant abused a minor child, resulting in serious physical harm to the child. The charges stemmed from Appellant's having broken both the arms of an infant, smacking the infant's head against objects and attempting to choke the child.
 {¶ 3} Appellant plead guilty to two counts of endangering children, in violation of R.C. 2919.22(B)(1), one a felony of the second degree and the other a felony of the fourth degree. The trial court accepted the plea via Judgment Entry of May 16, 2006. The court conducted a sentencing hearing on July 17, 2006, and, via Judgment Entry of July 25, 2006, the trial court sentenced Appellant to an eight year prison sentence on the second degree count, and eighteen months on the fourth degree count, with the terms to run consecutively.
 {¶ 4} Appellant now appeals, assigning as error:
 {¶ 5} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 {¶ 6} In his sole assignment of error, Appellant contends his prison sentence is an unnecessary burden on State resources. *Page 3 
 {¶ 7} In State v. Foster (2006), 109 Ohio St.3d 1, the Ohio Supreme Court held trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences.
 {¶ 8} An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 9} In State v. Mathis 109 Ohio st.3d 1, 2006-Ohio-856, the Supreme Court held:
 {¶ 10} "As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures."
 {¶ 11} "* * *
 {¶ 12} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." *Page 4 
 {¶ 13} Section 2929.12 provides:
 {¶ 14} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 15} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 16} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 17} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 18} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 19} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice. *Page 5 
 {¶ 20} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 21} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 22} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 23} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 24} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 {¶ 25} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 26} "(1) The victim induced or facilitated the offense.
 {¶ 27} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 28} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property. *Page 6 
 {¶ 29} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 30} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 31} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141
of the Revised Code.
 {¶ 32} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 33} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 34} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has *Page 7 
demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 35} "(5) The offender shows no genuine remorse for the offense.
 {¶ 36} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 37} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 38} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 39} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 40} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 41} "(5) The offender shows genuine remorse for the offense."
 {¶ 42} Revised Code Section 2929.13(A), cited by Appellant states:
 {¶ 43} "(A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 44} At the July 17, 2006 sentencing hearing, the trial court stated on the record: *Page 8 
 {¶ 45} "Now, when I sentence, I have to do so in accordance with law, and I want to explain that law to you because I want you to understand what I have to do and I what I have to think about when it comes to sentencing so that you will hopefully understand the sentence of the Court.
 {¶ 46} "I have to achieve the purposes and principles of the felony sentencing law, and those purposes and principles are two-fold.
 {¶ 47} "No. 1, to punish an offender for their conduct.
 {¶ 48} "No. 2, to protect the public from future crime committed not only by you, Mr. Stone, but also by others, and when I'm doing that, I have to look at the overriding purposes of felony sentencing and the need for incapacitation, locking someone up, deterrence, keeping people from committing crimes in the future and rehabilitation and restitution. I have to fashion a sentence which is commensurate with, and not demeaning to, the seriousness of the offense and its impact on the victim, and it has to be consistent with similar sentences for similar crimes committed by similar individuals.
 {¶ 49} "I can never base a sentence on race, ethnicity, gender, or religion, so that's what I have to look at when I sentence. The first thing I sit down and I look at is the seriousness of the offense. Crimes against children, crimes that you have pled guilty to, are some of the most serious offenses that this Court handles. This is a six month old victim, totally defenseless, absolutely utterly defenseless from you. The things that go into the charge in this case, and I'm just going to go through them briefly because they do impact the sentencing decision of the Court, include you inflicting two broken arms on this child by hitting the child, flicking the child's ear, basically grabbing *Page 9 
him up by the arm, that's how the broken arms happened, smacking his head against things, attempting to choke him, not fully choking him, stopping before he was choked. The long and the short of it, Mr. Stone, and the picture I get is that you have had a historic problem with temper and anger, and that goes to the documents that were provided by your counselor also. That's been a historic issue for you. It's been especially an issue for you evidently in the evenings at the end of a long day perhaps. Your frustration level has been low. You were frustrated evidently with the mother of this child feeling that you were being required to assume too much of the care for this child, which may be, okay? No one is saying that's not incorrect. Certainly the mother of the child should have presumed the primary care and not you, who was not his parent, but you were acting in a parental role, but I don't care, Mr. Stone, nobody treats a child like this. You treated this child like a rag doll, basically, you know, you didn't care. It wasn't your concern. You didn't think you should be caring for the child, and as you were doing what you were required to do in terms of getting up with him in the middle of the night if he was crying or handling him if he was crying or bathing him or whatever, you did it with the least attention possible to his needs and his well-being and in a manner which injured him significantly, and that's inexcusable, that is just inexcusable. It's been described to me that you may have problems with ADHD and those sorts of things. I buy that, okay? I'll take that. That's fine. It's giving you no excuse whatsoever to treat another human being, let alone a six month old child, the way you treated him, it's no excuse. You have whatever problems you have, *Page 10 
psychologically or any other way, but you do not treat another human being, especially a defenseless child in this manner. That is the seriousness of this offense.
 {¶ 50} "With regard to the likelihood that you will re-offend, my main concern there would be the history of the temper and anger issues. You do have some criminal history, but none of an especially violent nature. It also concerns me that this was a pattern of conduct that lasted over some period of time and involved many, many different ways in which this child was abused. That would cause me to believe that it's possible that these offenses could be re — you could re-offend in the future in the same way victimizing another child. The long and the short of sentencing in this case, Mr. Stone, is I believe the seriousness of the offense warrants a prison sanction to appropriately punish you for your conduct with regard to this child. I do believe that sentence has to be significant given the significance of the injuries of this child and your behavior. I am ordering as follows with regard to sentence.
 {¶ 51} "With regard to Count 1, the offense of endangering children, a felony of the second degree, I am ordering that you serve a prison term of eight months in the — eight years in the penal institution operated by the State of Ohio.
 {¶ 52} With regard to count 3, also the offense of endangering children, a felony of the fourth degree, I'm ordering that you serve a prison sentence in a penal institution operated by the State of Ohio for 18 months. I am ordering that sentenced be served consecutively to the sentence with regard to Count 1 for a total sentence of nine and a half years." *Page 11 
 {¶ 53} Based upon the above and upon review of the statutory guidelines set forth above, we find the trial court did not abuse its discretion in imposing a prison term in sentencing Appellant. The trial court properly considered the statutory factors required in sentencing Appellant, and the prison term imposed was not unreasonable, arbitrary or unconscionable. Further, we do not find the sentence imposed an unnecessary burden on State or local government resources. Accordingly, the July 25, 2006 Judgment Entry of the Ashland County Court of Common Pleas sentencing Appellant is affirmed.
 Hoffman, J. Gwin, P.J. and Edwards, J. concur *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the July 25, 2006 Judgment Entry of the Ashland County Court of Common Pleas, is affirmed. Costs assessed to Appellant. *Page 1